IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CONSOL ENERGY, INC.,

    Plaintiff,

v.                                                       Civil Action No. 5:08CV82
                                                                    (STAMP)

JAMES R. CORLEY,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION TO REMAND**

I.   Procedural History

    The above-styled civil action is before this Court as a result of a notice of removal filed by the plaintiff, in which the plaintiff asserts that federal jurisdiction is pursuant to 28 U.S.C. § 1132(e) and 28 U.S.C. § 1331. The plaintiff commenced this civil action in the Circuit Court of Marshall County, West Virginia seeking reimbursement of an alleged overpayment of disability benefits to the defendant. The defendant filed both an answer and a counterclaim against the plaintiff, alleging a wrongful denial or withholding of disability or other retirement benefits pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Following removal of the action to this Court, the defendant filed a motion to remand to which the plaintiff responded and the defendant replied. In his motion to remand, the defendant also requested an award of attorney's fees and costs incident to filing the motion. For the

reasons set forth below, the defendant's motion to remand is granted.

## II. Facts

The defendant, James R. Corley ("Corley"), was employed with the plaintiff, Consol Energy, Inc. ("Consol"), when he received a disabling injury that forced him to cease active employment with the company. At that time, Consol provided a Long Term Disability Pay Plan. Consol alleges that on September 24, 2001, after Corley became disabled, he signed a Release of Information and Agreement to Reimburse obligating him to reimburse Consol should he receive certain forms of compensation that covered the same disability and the same time period that were already paid or were payable by Consol's disability plan.[1] Corley allegedly signed both a second and third Agreement to Reimburse on March 3, 2002 and January 26, 2005, respectively, agreeing to the same terms and conditions provided in the first Agreement. In all three of these agreements, Consol alleges that Corley also agreed to reimburse Consol for all costs and expenses incurred if Corley failed to timely reimburse Consol for a duplicate or overpayment of plan benefits.

---

[1]These forms of compensation included social security disability or retirement benefits; retirement plan benefits funded by Consol; local, state, or federal government disability plans; workers' compensation, including permanent and temporary disability benefits; amounts paid as the result of loss of earnings or earning capacity through settlement, judgment, administrative order or award, arbitration or otherwise, when a third party may be liable, regardless of whether liability is determined; and benefits received under a state or federal Black Lung program.

2

Now, Consol alleges that Corley owes Consol $70,786.69 as an overpayment of Long Term Disability Benefits. Consol has filed this action seeking to receive the reimbursement of those benefits.[2]

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

---

[2]Consol arrived at the sum of $70,786.69 by adding together several different forms of compensation allegedly received by Corley. Consol claims that Corley began receiving $4,269.00 per month in Long Term Disability Benefits pursuant to Consol's Benefit Plan. According to Consol, Corley began receiving pension payments of $1,914.62 per month after he officially retired in October of 2002. Lastly, Consol alleges that beginning in February 2002, Corley was awarded monthly benefits of $1,809.00 by a Social Security Disability Award.

IV. Discussion

A. Motion to Remand

The issue before this Court is one of removal, and a peculiar removal at that, because it is the plaintiff in this case, and not the defendant, that is seeking the removal of this action to federal court. Consol removed this action to this Court, arguing that federal jurisdiction is proper. Specifically, Consol asserts that Corley's counterclaim alleges violations of ERISA without particularly identifying the provisions upon which he bases his claims. Thus, Consol argues that because Corley's counterclaims can be construed under several ERISA provisions that a federal court maintains exclusive jurisdiction over, jurisdiction in this Court is appropriate. This Court disagrees and instead, finds that remand of this action to the state court is necessary.

Federal question jurisdiction under § 1331 is "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). This rule "makes the plaintiff the master of the claim" and allows the plaintiff to "avoid federal jurisdiction by exclusive reliance on state law." Id.

Nevertheless, the United States Supreme Court has recognized a "corollary" of the well-pleaded complaint rule which holds that "Congress may so completely pre-empt a particular area that any

4

civil complaint raising this select group of claims is necessarily federal in character." Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987). To date, only claims under the civil enforcement provisions of ERISA § 502 as well as under § 301 of the Labor Management Relations Act ("LMRA") fall within this category and warrant federal jurisdiction despite no federal question existing on the face of the plaintiff's complaint.

There is no dispute that the plaintiff's complaint fails to satisfy the well-pleaded complaint rule and does not confer federal jurisdiction in this Court. Consol is not asserting any federal claim, and therefore, federal jurisdiction would ordinarily be inappropriate in this case. Consol's argument, however, is that this Court has exclusive jurisdiction over this action under the recognized "corollary" to the well-pleaded complaint rule because Corley has asserted an ERISA counterclaim. This Court, though, must note an important distinction and ultimately the flaw in Consol's argument. When the Court recognized a "corollary" to the well-pleaded complaint rule in Metropolitan Life Insurance Company v. Taylor, 481 U.S. at 63-64, it was a defendant seeking to remove the plaintiff's complaint. This case is not comparable. In this case, the plaintiff is attempting to remove a defendant's counterclaim. Therefore, the rules governing the removal of counterclaims rather than the "corollary" rule become of utmost importance to this Court's analysis.

5

It is well-established law that a plaintiff cannot remove an action to federal court on the basis that the counterclaim permits removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941). See also Schwarzer, Tashima & Wagstaffe, Rutter Group Prac. Guide: Fed. Civ. Pro. Before Trial 2:615 (The Rutter Group 2008) ("The right of removal is vested exclusively in defendants. A plaintiff who has chosen to commence the action in state court cannot later remove to federal court, even to defend against a counterclaim or cross-complaint."). This is true whether the plaintiff seeks to remove the counterclaim based on diversity of citizenship or pursuant to federal question jurisdiction. See e.g. Shamrock Oil & Gas Corp., 313 U.S. at 100; Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. 826 (2002). In Holmes Group, Inc. v. Vornado Air Circulation Systems, Inc., 535 U.S. at 831, the Court held that "a counterclaim -- which appears as part of the defendant's answer, not as part of the plaintiff's complaint -- cannot serve as the basis of 'arising under' jurisdiction." The Court noted that allowing a counterclaim to establish federal question jurisdiction would contravene several policies:

> First, since the plaintiff is the "master of the complaint," the well-pleaded-complaint rule enables him, "by eschewing claims based on federal law, . . . to have the cause heard in state court." . . . Second, conferring this power upon the defendant would radically expand the class of removable cases, contrary to the "[d]ue regard for the rightful independence of state governments" that our cases addressing removal require . . . . And finally, allowing responsive pleadings by the defendant to establish "arising under" jurisdiction would undermine the clarity and ease of administration of the well-pleaded-complaint doctrine, which serves as a

"quick rule of thumb," for resolving jurisdictional conflicts.

Holmes Group, Inc., 535 U.S. at 831-32 (internal citations omitted). These cases stand for the proposition that a plaintiff cannot remove a counterclaim to federal court because "once a plaintiff, always a plaintiff. Likewise, once a defendant, always a defendant." First Guar. Bank & Trust Co. v. Reeves, 86 F. Supp. 2d 1147, 1152 (M.D. Fla. 2000).

Based on the foregoing case law, Consol, the plaintiff, cannot remove this action to federal court. When Consol filed its complaint, it became the "master of the claim." Caterpillar Inc., 482 U.S. at 392. Most importantly, it became the plaintiff, and "once a plaintiff, always a plaintiff." Reeves, 86 F. Supp. 2d at 1152. Consol, as the plaintiff, cannot now seek federal jurisdiction based on the defendant's ERISA counterclaim. In Aetna Health v. Kirshner, 425 F. Supp. 2d 109 (D. Conn. 2006), the court held a that plaintiff could not remove an action to federal court because an ERISA counterclaim was insufficient to create federal "arising under" jurisdiction. Specifically, the court noted that the United States Supreme rejected a similar argument concerning § 301 of the LMRA:

> "It is true that when a defense to a state claim is based on the terms of a collective-bargaining agreement, the state court will have to interpret that agreement to decide whether the state claim survives. <u>But the presence of a federal question, even a § 301 question, in a defensive argument does not overcome the paramount policies embodied in the well-pleaded complaint rule</u> -- that the plaintiff is the master of the complaint, that a federal question must appear on the face of the

7

> complaint, and that the plaintiff may, by eschewing claims based on federal law, choose to have the cause heard in state court."

Aetna Health, 415 F. Supp. 2d at 114 (quoting Caterpillar, 482 U.S. at 398-99) (emphasis supplied). Stating that the Supreme Court has already held that the jurisdictional provisions in § 301 of the LMRA and in § 502 of ERISA should be consistently construed, Metropolitan, 481 U.S. at 65, the court in that case declined jurisdiction over the ERISA counterclaim and remanded the case back to state court. This Court agrees. That the defendant has asserted an ERISA counterclaim does not automatically confer jurisdiction in this Court. Indeed, because Consol is the plaintiff, it cannot remove this action to federal court even to defend against an ERISA counterclaim, and jurisdiction in this case is consequently absent. Accordingly, the defendant's motion to remand is granted for further proceedings to take place in state court.

B. <u>Attorney's Fees and Costs</u>

In addition to a remand, the defendant asks that this Court award him the attorney's fees and costs associated with pursuing this motion. With respect to the award of attorney's fees and costs, the Fourth Circuit has found that 28 U.S.C. § 1447(c) "provides the district court with discretion to award fees when remanding a case" where it finds such awards appropriate. In re Lowe, 102 F.3d 731, 733 n.2 (4th Cir. 1996). This Court finds that such fees and costs are inappropriate in this matter because the

plaintiff asserted at least a colorable claim to removal jurisdiction in this Court. Accordingly, this Court finds that defendant's request for an award of attorney's fees and costs should be denied.

V. Conclusion

For the reasons stated above, the defendant's motion to remand is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: October 15, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE